**BALDWIN BRACELET CORPORATION et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 17701.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 21, 1963.

Decided Dec. 19, 1963.

Mr. Jacob A. Stein, Washington, D. C., for petitioners.

Mr. J. Richard Carr, Atty., Federal Trade Commission, with whom Messrs. James McI. Henderson, Gen. Counsel, and Charles C. Moore, Jr., Atty., Federal Trade Commission, were on the brief, for respondent.

Before PRETTYMAN, Senior Circuit Judge, and WILBUR K. MILLER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This case involves a petition to review and set aside an order of the Federal Trade Commission. The relevant facts are as follows:

Petitioner, Baldwin Bracelet Corporation, with headquarters and principal office in New York City, is engaged in the production and sale of expansion watchbands, for which Baldwin purchases the necessary metal in the United States and exports it to Hong Kong, where it is fabricated into bracelet linkages. Subsequently, an affiliate of Baldwin, Janaco Manufacturing Corporation of St. Thomas, Virgin Islands (not a party hereto), imports those goods and the remaining parts from Hong Kong to the Virgin Islands, where tube ends are affixed to the otherwise finished bands. The bands are then degreased, polished and shipped to Baldwin in the United States.

On March 14, 1961, the Commission issued a complaint, in part charging Baldwin with violating § 5(a)(1) of the Federal Trade Commission Act[1] by not marking its watchbands in a manner indicating their having been made substantially in Hong Kong.[2] After a hearing, the hearing examiner found that the product was manufactured in substantial part in Hong Kong; that, in the absence of markings to the contrary, the purchasing public presumes articles are of domestic origin; that the purchasing public has a preference for products of domestic origin or manufacture; and that, therefore, in selling its product without indicating foreign origin, Baldwin was engaged in "unfair and deceptive acts and practices and unfair methods of competition, in commerce, within the intent and meaning of the Federal Trade Commission Act."

The Commission agreed with the hearing examiner and on October 2, 1962, issued and thereafter served upon Baldwin an order providing for the filing of objections to the proposed final order. On December 18, 1962, Baldwin having filed no objections within the time provided, the Commission issued its final order requiring, in part, that Baldwin disclose "the country or place of foreign origin or fabrication thereof on the products themselves, by making or stamping on an exposed surface, or on a label or tag affixed thereto * * *."

Baldwin here argues that since an earlier determination by the Treasury Department, Bureau of Customs, pursuant to § 304 of the Tariff Act of 1930, as amended,[3] permitted its goods to en-

---

1. 66 Stat. 632 (1952), 15 U.S.C. § 45(a)(1) (1958): "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful."

2. The complaint also involved, as did the Commission's decision and order, Baldwin's advertising a full and unconditional guarantee of its products. Baldwin does not challenge that part of the Commission's order, however, and the facts related to that aspect of the Commission's proceedings are not relevant to the disposition of this case.

3. 52 Stat. 1077 (1938), 19 U.S.C. § 1304 (1958).

**1014**

ter this country duty free and unmarked as to country of origin, the Commission is without authority to require Baldwin to so mark its goods. We disagree.

Baldwin's argument is based on the theory that both § 304 of the Tariff Act of 1930, as amended, and § 5(a) (1) of the Federal Trade Commission Act are intended to protect the purchasing public, and therefore, under a "priority of jurisdiction," the earlier Treasury ruling precluded the exercise of jurisdiction by the Commission over the same subject matter. The assumption regarding the purpose of the statutes, however, is erroneous. Section 304 of the Tariff Act is a limited statute governing the conditions under which foreign goods shall enter the United States, while § 5(a) (1) of the Federal Trade Commission Act is a general grant to the Commission of jurisdictional authority over the marketing of goods in interstate commerce. Thus, L. Heller & Son, Inc. v. Federal Trade Commission, 191 F.2d 954 (7th Cir. 1951) squarely decided that the authority granted the Secretary of the Treasury by § 304 of the Tariff Act of 1930, as amended in 1938, was not intended to repeal § 5 of the Federal Trade Commission Act, nor to diminish the jurisdiction and authority of the Commission with relation to such practices as are involved here.

Petitioner's assertion that United States v. Mersky, 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960), vitiates the holding in *Heller* is ill-conceived, as a mere reading of the opinion in the *Mersky* case will demonstrate. Equally unpersuasive is the argument that § 301 of the Tariff Act, as amended,[4] enacted after the Heller decision, was intended to protect the ultimate consumer and thus precludes the exercise of jurisdiction by the Commission in this case. That statute, like § 304, relates to the imposition of duties, and likewise does not delimit the jurisdiction of the Commission in this case.

It follows, therefore, that the petition must be and is hereby denied, and the order of the Commission is affirmed and will be enforced.

So ordered.

---

4. 68 Stat. 1139 (1954), 19 U.S.C. § 1301a (1958).