W. M. R. WATCH CASE CORPORATION, a Corporation, et al., Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 18670.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1964.

Decided Jan. 14, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1768.

Mr. B. Paul Noble, Washington, D. C., for petitioners.

Mr. Lester A. Klaus, Atty., Federal Trade Commission, of the bar of the Supreme Court of Missouri, pro hac vice, by special leave of court, with whom Messrs. James McI. Henderson, Gen. Counsel, and E. K. Elkins, Atty., Federal Trade Commission, were on the brief, for respondent.

Before BAZELON, Chief Judge; and EDGERTON, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

BAZELON, Chief Judge.

Petitioners are a corporate importer of foreign manufacture watchcase components, and one Sheldon Parker, who in the past has traded as a watchcase importer and now is an officer of the corporation. They challenge a Federal Trade Commission order to cease and desist from certain practices deemed unfair and deceptive. In Delaware Watch Co. v. Federal Trade Comm'n, 332 F.2d 745 (2d Cir. 1964), the court affirmed the Commission's determination that identical practices unfairly and deceptively "failed to disclose the true metallic content of certain watchcase parts made of base metal which had been treated to simulate precious metals or stainless steel; failed to disclose the foreign origin of the watchcase parts; and misrepsented that [the] watches were 'water-resistant.' "[1] Petitioners argue that we should reach the contrary result.

With respect to the Commission findings on "true metallic content"

1. 332 F.2d at 746.

and water resistance, petitioners urge only one ground for distinguishing *Delaware*. They claim that here, unlike *Delaware,* the conduct in question was voluntarily abandoned well before filing of the Commission's complaint. The argument, essentially, is that the matter is moot. We do not agree. Appraisal of the danger that deception may recur if not forbidden is initially for the Commission. If that danger is sufficient, there is no bar to enforcement merely because the conduct has ceased at least temporarily under the weight of the Commission's hand.[2]

■ With respect to the disclosure of foreign origin, petitioners attempt to distinguish *Delaware* on two grounds. The first relates to Commission instructions to its staff on May 6, 1964, shortly before the *Delaware* decision and three weeks before the petition for review in this case was filed.[3] These instructions set forth policies for deciding whether or not to prosecute cases involving putative deceptive practices relating to country of origin. It is not clear whether a complaint would have been brought against petitioners regarding the country-of-origin issue had these standards been in effect when the complaint was issued.[4] Petitioners claim that because they may be commercially disadvantaged if their

competitors will not now be prosecuted, the order must either be vacated or remanded to the Commission for a finding whether prosecution is now warranted. But even if no prosecution would now be brought, we think the question of vacating an order already entered is for the Commission.[5] Petitioners did not seek Commission reconsideration on this issue before perfecting their appeal here and thus failed to exhaust their administrative remedies.[6]

■ Petitioners also contend that, unlike petitioners in *Delaware,* they must comply with a Tariff Act provision which requires permanent markings of country of origin on the inside of imported watchcases.[7] Because consumers will not see this mark, the Commission has required petitioners to affix a label (which may be temporary) to the outside of the watchcases they import. The Tariff Act requirements, petitioners argue, preempt the Commission's authority. Custom officials, however, have stated that they have no objection to markings in excess of Tariff Act requirements.[8] We see no more reason to find preemption of Trade Commission authority to protect consumers from deception here than we did in Baldwin Bracelet Corp. v. Federal Trade Comm'n, 117 U.S.App.D.C. 85, 325 F.2d 1012 (1963), cert. denied, 377 U.S. 923,

2. Sears, Roebuck & Co. v. Federal Trade Comm'n, 258 F. 307 (7th Cir. 1919); Spencer Gifts, Inc. v. Federal Trade Comm'n, 302 F.2d 267, 268 (3d Cir. 1962).

3. Federal Trade Commission Administrative Bulletin 64–10. Petitioners cited this bulletin to us in their petition for review.

4. Petitioners, like other watchcase importers, do not disclose the country of origin of their cases in a manner likely to come to the attention of consumers. The Commission's instructions provide that country-of-orgin matters involving non-disclosure (as opposed to affirmative misrepresentation) should be prosecuted only where there is a substantial public interest and—if the product (like a watchcase) is a component—where the product is a primary ingredient of the finished product, not readily replaceable by do-

mestic goods. It is unclear whether watchcases are a primary component of watches, or are not readily replaceable by domestic substitutes.

5. See Moog Industries, Inc. v. Federal Trade Comm'n, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958); The Regina Corp. v. Federal Trade Comm'n, 322 F. 2d 765, 769 (3d Cir. 1963).

6. United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); Moog Industries, Inc. v. Federal Trade Comm'n, *supra.*

7. 19 U.S.C. § 1001, par. 367(g).

8. The Bureau of Customs of the Treasury Department so informed petitioner and the Commission during the instant proceedings. Letter from W. E. Higman, Deputy Commissioner of the Bureau of Customs, Commission Exhibit No. 14A.

84 S.Ct. 1221, 12 L.Ed.2d 215 (1964), where the matter was more fully discussed.

We think the result reached by the Second Circuit in *Delaware* is sound and is required here. The Commission's order will be affirmed and its enforcement decreed.

So ordered.