## BRITE MANUFACTURING CO. et al., Petitioners,

v.

## FEDERAL TRADE COMMISSION, Respondent.

### No. 18890.

United States Court of Appeals District of Columbia Circuit.

Argued April 13, 1965.

Decided May 6, 1965.

Petition for Rehearing En Banc or for Rehearing Before the Division Denied June 28, 1965.

1. The Commission dismissed charges of mismarking and misrepresentation of guarantees.

Mr. I. H. Wachtel, Washington, D. C., with whom Mr. Jean J. Provost, Jr., Washington, D. C., was on the brief, for petitioners.

Mr. Lester A. Klaus, Atty., Federal Trade Commission, with whom Messrs. James McI. Henderson, Gen. Counsel, and Alvin L. Berman, Atty., Federal Trade Commission, were on the brief, for respondent.

Before WASHINGTON, Circuit Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

PER CURIAM.

Petitioners appeal from a cease and desist order issued by the Federal Trade Commission (respondent) at the conclusion of proceedings instituted by a Commission complaint charging that petitioners, among other things,[1] failed to disclose the foreign origin of their imported watchbands.[2]

2. The real dispute here concerns the manner of packaging these watchbands for sale, as described in the text of this

Briefly stated, the facts, which we believe to be established by substantial evidence, are that petitioners import watchbands and watchband parts from various places, but mainly Japan, and perform polishing, plating and assembly operations on them in the United States. The watchbands themselves are marked, on the back of the expansion linkage, "Japan" or "Made in Japan." Petitioners then package the finished products and distribute them for retail sale. In packaging, the watchband is attached to a cardboard strip, either under a plastic "bubble" or enclosed in a cellophane bag, and, as so mounted, the back of the watchband is not visible to the purchaser prior to sale. This precludes the purchaser from observing the foreign origin marking. Nor do the cardboard holders, display cards or racks disclose the foreign origin of the watchbands affixed thereto.

■ Petitioners argue that the Commission could not properly take official notice of the facts that (a) a substantial number of people in this country prefer products originating in the United States over those originating in foreign countries, and (b) that when foreign origin is not disclosed, the purchasing public understands and believes the product to be of wholly domestic origin. We reject this argument. Respondent was entitled to rely on established general facts within the area of its expertise, subject, of course, to petitioners' right to rebut. The Commission's policy in this regard is well stated in In the Matter of Manco Watch Strap Co., 60 F.T.C. 495, 510–515 (1962); and that these general facts hold true with respect to watchbands was the essence of a finding fully documented by the Commission and approved by this court in Baldwin Bracelet Corporation v. Federal Trade Commission, 117 U.S.App.D.C. 85, 325 F.2d 1012 (1963), cert. denied, 377 U.S. 923, 84 S. Ct. 1221, 12 L.Ed.2d 215 (1964).

opinion. We are satisfied, contrary to the position taken by petitioners and the hearing examiner, but in accord with the position of the Commission, that the complaint afforded adequate notice to

In the instant case, the hearing examiner granted the motion of the Commission's counsel that official notice be taken of the following facts:

1.  That there are among the members of the purchasing public a substantial number who have a preference for products originating in the United States over products originating in foreign countries.

2.  That when the country of origin of merchandise offered for sale in the United States is not marked or if so marked, the markings are concealed, the purchasing public or a substantial segment thereof understands and believes such products to be wholly of domestic origin.

The hearing examiner pointed out in the order of April 23, 1962, granting the motion, that general presumptions of fact officially noted, might be rebutted. Petitioners, however, made no attempt to rebut these facts during the hearing or at any other time in the proceedings before the Commission.

■ Finally, petitioners attack the order as vague and unrelated to the charge of failure to disclose foreign origin. In material part, the order as modified required petitioners to cease and desist from:

"Offering for sale, selling or distributing any such product packaged, or mounted in a container, or on a display card without disclosing the country or place of foreign origin of the product, or substantial part thereof, on the front or face of such packaging, container, or display card, so positioned as to clearly have application to the product so packaged or mounted, and of such degree of permanency as to remain thereon until consummation of consumer sale

petitioners that they were charged with failure to disclose foreign origin and that they understood that such failure was charged.

of the product and of such conspicuousness as to be likely observed and read by purchasers and prospective purchasers making casual inspection of the product as so packaged or mounted."

We think this order is neither vague nor unrelated to the charges. One paragraph of the order which we approved in *Baldwin, supra,* though not discussed in that opinion, is, except for two words,[3] identical with the order in this case. Further, it is somewhat frivolous for petitioners to argue that they do not know the meaning of the phrases "substantial part" and "foreign origin" because, since 1958, they have marked their watchbands properly,[4] pursuant to a stipulation entered into between them and the Commission which uses these very terms in describing when the watchbands must be so marked.

Affirmed.

---

3. Where the order in this case reads "substantial part thereof," the order in *Baldwin* reads "substantial part or parts thereof." This is a distinction without a difference.

4. See note 1, *supra.*