Louis L. MEIER, Jr., Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION and District of Columbia Rental Accommodations Office, Respondents,

John C. Scherbarth, Intervenor.

No. 10857.

District of Columbia Court of Appeals.

Argued March 8, 1977.

Decided April 19, 1977.

---

Eric Von Salzen, Washington, D.C., with whom Martin Klepper, Washington, D.C., was on the brief, for petitioner.

Frederick F. Stiehl, Asst. Corp. Counsel, Washington, D.C., with whom Louis P. Robbins, Principal Deputy Corp. Counsel, and John C. Salyer, III, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondents.

John C. Scherbarth, pro se, intervenor.

Lorin H. Bleecker, Washington, D.C., with whom Eric L. Cummings, Washington, D.C., was on the brief, for Apartment and Office Building Association of Metropolitan Washington and Washington Board of Realtors as amicus curiae. Harold Gordon and Robert W. Healy, Washington, D.C., also entered appearances on behalf of amicus curiae.

Before NEWMAN, Chief Judge, and KERN and YEAGLEY, Associate Judges.

NEWMAN, Chief Judge:

Petitioner seeks review of an order of the District of Columbia Rental Accommodations Commission (hereafter Commission) affirming in part an order of the Acting Rent Administrator. Several issues are raised for review. However, we find it necessary to decide only one: whether the procedures utilized violated the District of Columbia Administrative Procedure Act (hereafter DCAPA), D.C.Code 1973, §§ 1–1501, *et seq.* Finding they did, we reverse.

John C. Scherbarth, a tenant in an apartment building owned by petitioner, filed a complaint with the Rent Administrator alleging, among other things, that the rent charged was higher than allowed by the Rental Accommodations Act of 1975, D.C. Law No. 1–33 (hereafter RAA–1975). A hearing examiner of the Rental Accommodations Office conducted a hearing on the complaint.[1] Thereafter, the Acting Rent Administrator issued a decision dated April 21, 1976, adverse to petitioner on the issue of permissible rent. He appealed to the Commission which, after oral argument, issued its order sustaining the Acting Administrator on the rent issue.

Petitioner contends that the Commission's decision should be set aside since it was rendered in proceedings which failed to comply with § 1509(d) of DCAPA[2] applicable to "contested cases." It is clear that these proceedings under RAA–1975 constitute a contested case within the meaning of

---

1. Regulation § 3.10 of the Commission, 22 D.C. Register 3104 *et seq.* (1975), authorizes the Rent Administrator to appoint hearing examiners. It provides:

    In carrying out the functions of the Act, the Administrator may appoint hearing examiners to issue notices, request required information, conduct hearings, administer oaths and affirmations, draft orders based on conclusions of law and findings of fact in individual cases and perform such other functions as the Administrator shall determine; provided however that all orders shall be signed by or in the name of the Administrator and shall be considered to be actions of the Administrator.

2. This section provides:

    Whenever in a contested case a majority of those who are to render the final order or decision did not personally hear the evidence, no order or decision adverse to a party to the case (other than the Commission or agency) shall be made until a proposed order or decision, including findings of fact and conclusions of law, has been served upon the parties and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of those who are to render the order or decision . . . who, in such case, shall personally consider such portions of . . . the ex-

DCAPA.[3] Thus, we must determine whether § 1509(d) of that Act was violated.

■ The parties do not contest the right of the Commission to issue the regulations empowering hearing examiners to conduct hearings. In this, they are correct for both RAA–1975 and DCAPA clearly provide the vehicle for utilization of such hearing examiners to hear the evidence with the "decision" being made by another. Such a bifurcated decision-making process however is fettered with certain limitations. A major one is that contained in § 1509(d) of DCAPA.

■ Here, it is conceded that the Acting Rent Administrator heard no evidence or argument. Rather, the decision rendered by him was based on the evidence presented before the hearing examiner. It is further conceded that the hearing examiner did not issue to the parties a proposed order, including findings of fact and conclusions of law; nor did they have opportunity to file exceptions, present arguments, and direct the Acting Rent Administrator's attention to designated portions of the record prior to the entry by him of his "decision" of April 21, 1976. Thus, it is clear that if the "Rent Administrator's Decision" dated April 21, 1976 is a final order or decision within the meaning of § 1509(d) of the DCAPA, it was entered without compliance with the requirements thereof.

Respondents contend that the document dated April 21, 1976, captioned "Rent Administrator's Decision" which was signed by the Acting Rent Administrator was not a final order or decision within the meaning of DCAPA. Rather, they contend it was a proposed order or decision to be entered by the Commission after the parties had opportunity to note exceptions, present argument to the Commission and direct the Commission's attention to certain portions of the record. Although novel and imaginative, this argument is fallacious.

■ The RAA–1975 makes a clear distinction between the functions of the Administrator and those of the Commission. The authority to decide rental adjustment petitions is vested in the Administrator by § 212 of the Act while authority to decide administrative appeals is vested in the Commission by § 102(a)(2) of the Act. Although the decisions on rental adjustments are reviewable by the Commission, the Administrator is the decisionmaker. The scope of review by the Commission is established by § 212(g) of RAA–1975. Review is limited to whether the decision of the Rent Administrator is: (1) arbitrary, capricious, or an abuse of discretion; or (2) not in accordance with law, or (3) unsupported by substantial evidence in the record. That this is an appellate review standard rather than an initial decision standard is clear.

Further, the Acting Rent Administrator's decision in no manner purports to be notice of a proposed final decision or order either on its face or in its contents. Nor did the form letter by which said decision was transmitted to the parties (again over the signature of the Acting Rent Administrator) purport to inform them of their rights under § 1509(d) of DCAPA. Rather, it purported to inform them of their right to seek administrative appellate review before the Commission under § 102(a)(2) of RAA–1975.

■ We hold that the "Rent Administrator's Decision" dated April 21, 1976, was a "final order or decision" within the meaning of § 1509(d), DCAPA. We have previously held that failure to comply with the "proposed order" procedure of this section requires reversal. *Wallace v. District Unemployment Compensation Board,* D.C. App., 289 A.2d 885 (1972).[4]

---

clusive record . . . as may be designated by any party.

**3.** DCAPA is specifically made applicable to proceedings pursuant to RAA–1975 by § 212(f) of that Act.

**4.** Respondents' reliance on *United States v. Storer Broadcasting Co.,* 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1956), is misplaced. There

Once again, as we have done on repeated occasions in the past, we call on the administrative agencies of the District of Columbia to review their procedures to insure compliance with DCAPA.

The order of the Commission is vacated and the case is remanded for further proceedings not inconsistent with this opinion.[5]

*So Ordered.*

the Court held that since the grant of Storer's application was clearly barred by applicable F.C.C. regulation, and this was shown on the face of the application, no "hearing" was required under the applicable statute. Nothing on the face of the pleadings in this case shows that no hearing was required under DCAPA. Indeed, the parties appear to have conceded that this is a "contested case" within the meaning of that Act.

5. Of course, whether it is desirable to enact legislative amendment to vest decisional authority in the hearing examiners as distinguished from the Rent Administrator is not for us to decide.