357 So.2d 1381 (1978)
STATE of Louisiana ex rel. William J. GUSTE, Jr., Attorney General, et al.
v.
CROSSROADS GALLERY, INC.
No. 9198.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
*1382 William J. Guste, Jr., Atty. Gen., Charles L. Patin, Jr., Staff Atty., New Orleans, for plaintiff-appellant.
Jacques F. Bezou, Garon, Brener & McNeely, New Orleans, for defendant-appellee.
Before REDMANN, GARSAUD and DeSONIER, JJ.
REDMANN, Judge.
The State of Louisiana, through her Attorney General and the Director of her Governor's Consumer Protection Division, appeals from the dismissal of her suit to enjoin certain representations being made by defendant in its sale of oil paintings in New Orleans. The basic issue is whether defendant's representation that its prices afford a 50% savings is an enjoinable deceptive trade practice. We hold that it is.
Defendant moved dismissal of this appeal as moot because defendant had completed its sale in Louisiana and had moved elsewhere. However, La.R.S. 51:1407 authorizes injunctive proceedings against any person who "has used" a practice declared unlawful by § 1405. Evidently the Legislature has authorized action against "the danger that deception may recur if not forbidden", see W. M. R. Watch Case Corp. v. F. T. C., 1965, 120 U.S.App.D.C. 20, 22, 343 F.2d 302, 304, cert. denied 381 U.S. 936, 85 S.Ct. 1768, 14 L.Ed.2d 700. We therefore deny the motion to dismiss.
Defendant purchases paintings in quantity from distributors and individual painters in Europe and the Far East. It operates a permanent gallery for the sale of the paintings in Phoenix, Arizona and in that gallery it sells, its president testified, "possibly ten per cent" of its gross volume, "could be more than that, but in that area." About 90% of its gross volume is sold in "road shows" like that held in New Orleans. In New Orleans it priced its paintings at 50% of the price it would ask for comparable paintings in Phoenix. It represented to New Orleans area purchasers that the prices afforded a 50% savings, without indicating that the saving was 50% of the theoretical price in Phoenix, Arizona, where only 10% of gross volume is sold.
Defendant's "road shows" started at a "slow time" in the Phoenix gallery, when defendant's president decided to "run a sale. . . for half price". Rather than affect prices in Phoenix he took paintings from Phoenix to "another area" and the sale "was so successful, and then we ran in the next city to us, and so the shows were just kind of an offshoot of our gallery business, and it is nownow the shows are much better than the gallery."
The prices at all shows away from Phoenix are reduced from the Phoenix prices, though some are reduced only 25% (and prices in Canada are the same as the Phoenix prices but defendant pays the Canadian import duty whose amount is not disclosed by the record).
Louisiana's "Unfair Trade Practices and Consumer Protection Law", La.R.S. 51:1401-1418, declares unlawful "deceptive acts or practices in the conduct of any trade or commerce" and authorizes "rules and regulations interpreting the provisions of [the cited law]". R.S. 51:1405 A and B. Governor's Consumer Protection Division Rules and Regulations were adopted as authorized and § 5007 interprets the law on deceptive pricing as an unlawful deceptive practice. § 5007B(1) declares it an unfair and deceptive act or practice to represent an offered price as affording a savings over a compared price:
unless the comparative price used represents the price at which the merchandise *1383 is usually and customarily offered for sale . . . in the trade area involved and/or is the price at which such merchandise has been usually and regularly offered for sale . . . in the recent regular course of seller's business. [Emphasis added.]
Because defendant's merchandise is usually90% of the timeoffered at a price substantially below the Phoenix price the quoted regulation proscribes defendant's using the Phoenix price as a base upon which to represent that purchasers save 50%.
The judgment appealed from is reversed at defendant's cost and defendant is permanently enjoined from representing that its prices in Louisiana represent a 50% savings to purchasers.